Benjamin Brenner, J.
Petitioner in this article 78 proceeding seeks an order directing the Board of Examiners of the Board of Education of the City of New York to grant him reviséd grades in his examination for license as chairman of music department in junior high schools or, in the alternative, a direction that he he granted a new teaching test.
Having received a failing grade in both the written and teaching phases of the examination, he filed an appeal, and by letter dated June 27, 1967, received by petitioner on June 28, 1967, he was notified that the appeal had been dismissed. On this same date, June 28,1967, he wrote to the Board of Examiners requesting a statement of the reasons for the denial. Such statement dated July 25, 1967, was furnished by- the board. Petitioner asserts that he did not receive the summary statement until “on or about July 29, 1967.’’ This proceeding to review the determination was instituted on November 27, 1967.
Respondent, in, addition to various allegations and denials relating to the merits of the controversy, has interposed an affirmative defense based upon CPLR 217, that the proceeding is barfed by statutory limitation. That section, as here pertinent, provides that except where a shorter time is provided by law, a proceeding such as .this ‘ ‘ must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner ”. It is respondent’s view that the denial of the appeal became “ final and binding ” upon receipt *233 of the determination by petitioner on June 28, 1967 and that the commencement of the proceeding on November 27,1967, approximately one month past the asserted four-month statutory limitation, renders the petition fatally defective. Petitioner holds that the four-month period did not commence to run until he had been furnished with the statement of reasons requested by him and, in support of this position, contends that he could not have formulated an intelligent petition for review to this court without the information thus requested and obtained.
I must agree with respondent’s interpretation here.
The notification of June 27, 1967 regarding disposition of the appeal, received by the petitioner the following day, also advised him that if he so requested, a formal statement of the reasons for the denial would be furnished. The determination of the appeal was no less “final” when received on June 28, 1967 because of this advice. I see no more justification in petitioner’s co'ntention than I would if he argued that notice of an appeal from a determination of an appellate court could be delayed beyond the statutory time because the original appeal determination had been rendered without opinion. There are situations where a departmental or administrative disposition is required to be accompanied by findings, in which event they are necessarily integral parts of the determination. That is not the situation here. There is no such statutory or other controlling requirement affecting this determination by the Board of Examiners.
“ An application under Article 78 may be denied because it is premature or because it is too late ” (22 Carmody-Wait, New York Practice, Limitations of Time, § 291, p. 381). A fair question then would be whether application to the court would have been ‘1 premature ’ ’ if made following notice of dismissal of the appeal but prior to the summary statement. In my opinion, the answer must be that the proceeding would be completely in order since the determination, when made, was “ final and binding ”. (See, also, Keays v. Conway, 105 N. Y. S. 2d 944.)
Petitioner’s counsel cites no precedent whatever in support of his position that it was the furnishing of the summary statement that marked the beginning of the limitation period. My own research has been no more fruitful. There appears to be only one case which sanctions deferment of the four-month period until the examining agency supplied information vital to processing an article 78 proceeding (Matter of O’Neill v. Schechter, 5 N Y 2d 548). In that case, the Court of Appeals held that the Civil Service Commission was required to supply *234 various applicants with their actual answers so that they could determine whether they were aggrieved by the agency’s choice of official answers and that the four-month period of limitation did not commence until the answer sheets were so made available. But the situation in that case is notably different than the case at bar. Of necessity, the limitation period was tolled in the O’Neill case because the candidates were deprived of a required document designed to afford an opportunity to ascertain whether there was any basis for complaint and review until their answer sheets were produced and comparison with official answers became possible. In the instant case, the applicant had already appealed to the Board of Examiners upon grounds specified by him following a primary determination accompanied by a summary statement of reasons for failure in the teaching test.
The offer to supply reasons for the dismissal of appeal must accordingly be viewed as an accommodation which was neither vital nor an indispensable prerequisite to-the commencement of an article 78 proceeding. Approximately three months remained after petitioner received this statement within which period the proceeding would still have been timely. I cannot agree that his delay for an additional month is sanctioned in the circumstances. Whether the substantive grounds for the review here be meritorious or not, this court is absolutely bound by the limitation prescribed in CPLR 217. In Matter of Hall v. Leonard (260 App. Div. 591, 597, affd. 285 N. Y. 719) the court held that even if the last day of the four-month period had fallen on a public holiday, it would not have served to extend the period within, which the proceeding might be commenced.
The application is denied and the petition dismissed.
Settle order on notice.