In the Matter of ROBERT R. KAUFMAN, Appellant, v IRVING ANKER,

as Chancellor of the Board of Education of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Examiners of the Board of Education of the City of New York, dated September 26, 1976, which "denied" petitioner's appeal with reference to his failure to pass an examination for a license as a teacher of English in day high schools, petitioner appeals from a judgment of the Supreme Court, Kings County, dated June 1, 1977, which granted respondents' motion to dismiss the petition upon the ground that the proceeding was barred by the Statute of Limitations. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing on the motion to dismiss in accordance herewith. The applicable Statute of Limitations in this case is set forth in CPLR 217, which requires that a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner. In a proceeding to review a determination of the board of examiners concerning the results of a teaching examination, it is established that the period of limitation begins to run when the petitioner *receives* a copy of the administrative determination *(Matter of Presti v Board of Examiners of Bd. of Educ.,* 71 Misc 2d 232; *Matter of Munice v Board of Examiners of Bd. of Educ.,* 31 NY2d 683). In this case the determination was dated September 27, 1976 and this proceeding was commenced on February 7, 1977. However, the record is silent as to the date upon which petitioner received a copy of the determination sought to be reviewed. Accordingly, the matter must be remitted to Special Term for a hearing on the motion to dismiss for the purposes of determining when petitioner received a copy of the determination dated September 27, 1976. Hopkins, J. P., Damiani, Rabin and Margett, JJ., concur.