■ R. BERNSTEIN Co., Appellant, v EMANUEL P. POPOLIZIO, as Chairman of the New York City Conciliation and Appeals Board, et al., Respondents. — Judgment, Supreme Court, New York County (E. R. Wolin, J.), entered April 13, 1983 granting respondent Conciliation and Appeals Board's (CAB) cross motion to dismiss a CPLR article 78 petition as untimely and dismissing the proceeding, is unanimously reversed, on the law, without costs; the judgment is vacated; the cross motion is denied and respondent CAB is directed to serve its answer and supporting affidavits and proofs pursuant to CPLR 7804 (subd [f]) within 10 days after service of a copy of the order determining this appeal; and the matter is remanded to Special Term for an evidentiary hearing on the issue of the Statute of Limitations, and for such further proceedings as may be appropriate. This is a proceeding by petitioner landlord to vacate an order of respondent CAB. CAB's determination is embodied in an opinion dated May 13, 1982, and allegedly mailed to petitioner landlord and respondent tenant on June 2, 1982. This article 78 proceeding was instituted on December 7, 1982. If the Statute of Limitations began to run on June 2, 1982, the proceeding is untimely, being brought more than four months after the determination "becomes final and binding upon the petitioner". (CPLR 217.) However, the administrative determination does not become final and binding upon the parties within the meaning of this statute until notice of the determination is given. (*Matter of R. E. Assoc. v McGoldrick,* 278 App Div 347, 348; *Matter of Hutchins v McGoldrick,* 307 NY 78, 87; *Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832.) When, as here, the notice is given by mail we need not now determine whether the notice becomes effective on mailing (*Matter of R. E. Assoc. v McGoldrick, supra*), or perhaps only upon receipt (cf. *Matter of Hutchins v McGoldrick, supra*). The records of respondent CAB show mailing of the opinion on June 2, 1982. Petitioner contends that there was no notice until some time in September, 1982. However, there is no affidavit by petitioner to that effect. There is a hearsay affidavit by petitioner's attorney to that effect. As we have frequently indicated, such an affidavit is quite insufficient. But the record also contains a letter from respondent tenant, to whom according to CAB the opinion was also mailed on June 3, 1982, to the effect that the tenant did not receive a copy of the opinion until August 20, 1982, and then only after the tenant called the CAB about the outcome. In the circumstances, there is sufficient doubt as to whether notice was in fact given on or about June 2, 1982 so that there should be an evidentiary hearing on the issue of the Statute of Limitations, and depending upon the outcome of that hearing, such further proceedings as may be appropriate. Respondent CAB has followed the practice, which we have heretofore disapproved, of making a cross motion to dismiss an article 78 proceeding supported by apparently all the proofs it has but requesting that if the motion is denied, respondent should be given an opportunity to serve and file its answer. We do not think the answer should await the determination of the Statute of Limitations issue. The statute does not contemplate successive hearings on issues of fact, at least unless the court finds some good reason for so ordering. (Cf. CPLR 7804, subds [f], [h].) Concur — Carro, J. P., Asch, Silverman, Bloom and Kassal, JJ.