■ In the Matter of COLIN E. INGHAM, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.—Motion by respondent Power Authority of the State of New York to dismiss a proceeding brought pursuant to Public Service Law § 129.

Motion granted.

Public Service Law § 128 (1) provides that "[a]ny *party* aggrieved by any order issued on an application for a certificate [of environmental compatibility and public need] may

apply for a rehearing under section twenty-two within thirty days after issuance of the order" (emphasis added). That statute states further that a proceeding may be brought in the Appellate Division to review such an order, and that "[s]uch proceeding shall be initiated * * * within thirty days after the issuance of a final order by the [Public Service] commission upon the application for [a] rehearing". Public Service Law § 124 defines the various persons, officials, and bodies which are included as "parties" to certification proceedings.

It is undisputed that petitioner Colin Ingham did not commence this proceeding within 30 days after the issuance of the final order of the Public Service Commission on his application for a rehearing. His proceeding would accordingly be time barred unless, as Mr. Ingham argues, the 30-day time period is measured from the date he purportedly received notice of the order, rather than from the date the order was actually issued (cf. Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832; Bernstein Co. v Popolizio, 97 AD2d 735). This argument assumes that Mr. Ingham was entitled to notice of the order made upon his application for a rehearing: He was not. Mr. Ingham has failed to demonstrate that he met the requirements of Public Service Law § 124 (1) (j) in order to be considered a "party"; he cannot, therefore, argue that he was entitled to notice of the Public Service Commission's order denying his application for a rehearing (see, 16 NYCRR 2.4). That being the case, there is no basis upon which to excuse his failure to commence the proceeding in a timely manner. Mollen, P. J., Lazer, Mangano and Gibbons, JJ., concur.