■ In the Matter of CAROLYNN R. MEINHARDT, Appellant, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 29, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition as time barred.

Petitioner commenced this CPLR article 78 proceeding on February 24, 1988 by service of a notice of petition and a verified petition on all respondents except respondent National Council of Architectural Registration Board (hereinafter NCARB), which was served on February 25, 1987 or February 26, 1987, seeking an order compelling respondents to regrade division C of the architectural licensing exam she took and to award her a passing grade and an architecture license. All of the respondents moved to dismiss the petition, alleging that petitioner failed to commence the proceeding in a timely fashion because respondents mailed a notice of the exam results to all candidates on October 9, 1987 or October 10, 1987 and petitioner should have received her notice within a week. Petitioner maintains in a sworn affidavit that she did not receive notice of her failing grade until October 26, 1987 and, therefore, the proceeding was timely commenced. NCARB's motion to dismiss the petition contained the additional grounds of lack of personal jurisdiction over it and inappropriateness of the remedy. Supreme Court summarily dismissed the petition on the Statute of Limitations ground as to all respondents and it additionally found that the proceeding was inappropriate as against NCARB.

"[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217). The determination becomes final and binding upon a person when that person receives notice of the determination (*Matter of Meliti v Nyquist*, 41 NY2d 183, 186).

The record reveals that a factual issue exists as to when petitioner received notice of the results of her architectural licensing exam. Respondents urge that due receipt of the document by petitioner was proven as a matter of law by the affidavit of Susan Roberts indicating that notice was sent to all candidates on October 9, 1987 or October 10, 1987. We note that there was no proof that petitioner's notice itself was specifically sent. Against respondents' proof was petitioner's sworn affidavit that notice was not received by her until October 26, 1987, further buttressed by her proof of a telephone call of inquiry made the same date to William Martin of respondent State Board for Architecture regarding regrading, and his response to her inquiry made on October 27, 1987. Petitioner has sufficiently raised a question of fact as to the time of service of the notice on her, the resolution of which requires a hearing. The resolution of that issue by an evidentiary hearing is necessary before the Statute of Limitations

defense may be adjudicated *(see, Bernstein Co. v Popolizio,* 97 AD2d 735).

We do not find Martin's reference in his October 27, 1987 letter to an October 19, 1987 memorandum from NCARB as indicative that petitioner's inquiry to him must have predated the October 26, 1987 telephone call and thus undermined her contention as to the actual notice date to her. The NCARB memorandum, dated as received October 19, 1987, is not clearly marked as a response to petitioner's inquiry but may well be a generally circulated memorandum sent to all administrators without reference to petitioner specifically.

As to the dismissal of the proceeding against NCARB, we hold that it was properly dismissed in view of the fact that NCARB does not set standards for passing of the exam, nor does it grade solutions to the exam. Its ancillary function of supervising grading does not bear on the final determination of grading and the issuance of an architecture license. Having so concluded, it is unnecessary to determine the issue of personal jurisdiction over NCARB.

Judgment modified, on the law, with costs to petitioner against State respondents, by reversing so much thereof as dismissed the petition against respondents Board of Regents of the University of the State of New York, State Education Department, Commissioner of Education and State Board for Architecture; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.