**I.D., by his parents and by next friend E.D.; and by next friend W.D.; W.D.; E.D.**

v.

**WESTMORELAND SCHOOL DISTRICT.**

Civ. No. 91–155–S.

United States District Court, D. New Hampshire.

Aug. 1, 1991.

Gregory R. Van Buiten, Burlington, Vt., for plaintiffs.

Gerald M. Zelin, Salem, N.H., for defendant.

## ORDER

STAHL, District Judge.

This civil action challenges the individual education plan offered plaintiff by the Westmoreland School District. Plaintiff claims that the plan: (1) was not promulgated in compliance with procedures established in the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* (Count I); and (2) violates protections guaranteed by the federal Rehabilitation Act, 29 U.S.C. § 701, *et seq.* and its implementing regulations (Count II). Before the Court is a motion to dismiss Count I in which the School District argues that plaintiff failed to timely file his claim.

In *Bow School District v. Quentin W.,* 750 F.Supp. 546 (D.N.H.1990), this court held that a claim under the Education of the Handicapped Act (the former name of the IDEA) must be brought within thirty days of the hearing officer's decision. It is undisputed that the decision challenged here was dated March 11, 1991, and that plaintiff filed this complaint thirty-two days later. Defendant argues that the complaint was therefore filed two days late and must be dismissed. Plaintiff responds that the limitation period should not begin to run on the date the hearing officer's decision was issued, but rather on the date plaintiff received a copy of that decision.

Although not addressed at length in *Quentin W.,* the court in that case made clear that the limitation period begins to run upon issuance of the administrative decision. *See id.* at 548 ("The Court first addresses the issue of whether the underlying action, instituted ninety-four days after the hearing officer issued her decision, is time-barred.") *and id.* at 549 (considering an opinion in which the Circuit Court for the District of Columbia concluded that these claims must be brought within thirty days "after the state hearing officer's decision"). The Court is not persuaded to depart from that ruling. While admittedly short, a thirty-day rule is not unfair. As noted in *Spiegler v. District of Columbia,* 866 F.2d 461, 468 (D.C.Cir.1989), "the parties do not necessarily have to prepare for trial during the 30 days allowed, they must only decide whether to continue their litigation efforts." Upon review of the *Quentin W.* decision, then, the Court confirms that the thirty-day period begins to run on the day the hearing officer issues a decision.[1]

*Quentin W.* at 551, recognizes that the thirty-day rule can be tolled under appropriate circumstances. Plaintiff argues that

1. To the extent that the opposite conclusion was reached in *Gerasimou v. Ambach,* 636 F.Supp. 1504 (E.D.N.Y.1986), this Court respectfully disagrees.

   *Gerasimou* relied on the oft-cited rule that, under federal law, "a cause of action accrues when a plaintiff 'knows or has reason to know' of the injury or event that is the basis of his claim." Referencing New York law that provides a parallel rule, the *Gerasimou* court decided that the limitation period begins to run when the aggrieved party receives notice of the administrative determination.

   While *Gerasimou* provides a plausible alternative, it creates a problem of proof. Specifically, it makes the precise date upon which a party receives the administrative decision a dispositive issue in these cases. This Court is not disposed to create such an issue, particularly where the doctrine of equitable tolling may be invoked to relieve the harshness of a strict adherence to the thirty day rule.

such circumstances are present here, given his mistaken assumption that the period began to run only upon receipt of the hearing officer's decision. The Court does not agree.

Circumstances making equitable tolling particularly persuasive in IDEA cases exist principally when parents attempt to untangle the confusion of relevant statutory and administrative provisions without the assistance of counsel. *See Spiegler, supra,* 866 F.2d at 468 (and cases cited). In this case, plaintiff has acquired the services of able counsel. Moreover, counsel acknowledges familiarity with the *Quentin W.* rule. The Court therefore finds no reason to toll the limitation period simply because counsel chose to wait until the last possible day, under his reading of the rule, to file the action.

The court also rejects plaintiff's attempt to gain an additional three days by invoking Rule 6(e) of the Rules of Civil Procedure. Rule 6(e) does allow parties an extra three days in certain circumstances, but only where

> a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail.

The language of Rule 6(e) could be read in the way plaintiff suggests. But courts and commentators have declined to do so. For example, Professors Moore and Lucas state:

> [E]ven though the operative statute or regulation provides that notice of the decision must be mailed to a party, the filing of the decision or some other prior event may trigger the period within which action must be taken. And, where this is the case, Rule 6(e) has no application.

2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 6.12 (2nd ed. 1991). And notably, the court in one of the cases upon which plaintiff relies suggests that Rule 6 cannot be applied in the way plaintiff proposes.

While Fed.R.Civ.P. 3 governs when an action is commenced in federal court, the prevailing view is that Fed.R.Civ.P. 6(a), which deals with the computation of time periods, does not control the manner of counting, computing, or suspending the state law limitations periods that are applied to specific federal cases. It is debatable whether Rule 6 is even applicable to the calculation of federal statutes of limitation, although it has sometimes been applied in principle by analogy or after discussion of legislative intent.

*Gerasimou v. Ambach,* at n. 3 (citations omitted). Thus, Rule 6 does not save plaintiff's claim.

Accordingly, defendant's motion to dismiss count I of the complaint (document no. 8) is granted.

SO ORDERED.