In the Matter of ARKADIY FELDMAN, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [788 NYS2d 230]—

Peters, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered January 14, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner was hired by respondent in October 2001 as a senior computer programmer analyst. Upon the completion of his initial probationary period, his probation was extended, during which he received negative performance evaluations. On April 28, 2003, Kevin Schaefer, respondent's assistant manager, met with petitioner and verbally informed him that respondent had decided to terminate his probationary employment. In a letter handed to petitioner at that meeting, the notice of termination was confirmed and petitioner was informed that it would

be effective as of the close of business on May 5, 2003, thereby allowing him to remain on the payroll until such time; Schaefer accompanied petitioner to his workspace to gather his belongings and then escorted him out of the building after confiscating his identification card.

On September 5, 2003, petitioner commenced this proceeding seeking reinstatement to his former position, together with back pay and benefits. Respondent moved to dismiss the petition as untimely. Petitioner contended that the date of his termination was ambiguous because he did not receive a final performance evaluation until May 2, 2003 and the termination was not effective until May 5, 2003. Supreme Court granted respondent's motion, prompting this appeal.

We affirm. CPLR article 78 proceedings "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; see New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165 [1991]). Such finality has been determined as of the time "when it definitively impacts and aggrieves the party seeking judicial review" (Matter of Scott v City of Albany, 1 AD3d 738, 739 [2003]; see New York City Off Track Betting Corp. v State of New York Racing & Wagering Bd., 196 AD2d 15, 18 [1994], lv denied 84 NY2d 804 [1994]); the burden of establishing such date is upon the administrative agency (see Matter of Scott v City of Albany, supra at 739; Matter of Turner v Bethlehem Cent. School Dist., 265 AD2d 640, 641 [1999]).

Here, despite petitioner's contention that he did not receive final notice of his termination until May 5, 2003, Schaefer's affidavit and supporting documentary evidence detail that petitioner was unambiguously informed of his termination on April 28, 2003 and that the written notification given to him at that time clearly expressed that intention. As "[s]uch oral notification is sufficient to commence the running of the statute of limitations where, as here, petitioner is adversely impacted and aggrieved" (Matter of Scott v City of Albany, supra at 739), we find that respondent's subsequent performance evaluation, coupled with a later payroll termination date, did not render the oral notice "tentative, uncertain or otherwise less final and binding" (Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]).

Accordingly, petitioner failed to overcome the prima facie showing made by respondent that notification was given on April 28, 2003.

Mercure, J.P., Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.