In the Matter of BRONX-LEBANON HOSPITAL CENTER, Appellant, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. [956 NYS2d 660]—

McCarthy, J.

---

Initially, CPLR 7804 (f) provides that an objection in point of law in a special proceeding may be raised in the answer or a pre-answer motion to dismiss. Petitioner incorrectly argues that, when considering respondents' pre-answer motion to dismiss, Supreme Court should not have looked beyond the petition itself, and not considered any affidavits or exhibits submitted by respondents. While that may be the rule for a motion to dismiss on the ground of failure to state a cause of action (*see Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 81 AD3d 145, 148 [2011], *mod* 19 NY3d 106 [2012]), courts must generally look beyond the petition to decide a motion to dismiss on other grounds, such as the statute of limitations (*see e.g. Matter of Feldman v New York State Teachers' Retirement Sys.*, 14 AD3d 769, 770 [2005]).[1] Here, the court did not err in looking beyond the petition itself and considering respondents' submissions.

The parties agree that this proceeding had to be commenced within four months after DOH's determination became "final and binding upon the petitioner" (CPLR 217 [1]), which, in a determination concerning Medicaid reimbursement rates, is deemed to occur "upon the receipt of a determination following an administrative appeal" (*Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 194 AD2d 149, 152 [1993], *revd on other grounds* 85 NY3d 326 [1995]; *see New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165 [1991]). Thus, the proceeding is untimely if petitioner received DOH's determination letter on July 16, 2010, as respondents allege, but is timely if petitioner received the letter on July 19, 2010, as petitioner alleges. Respondents bear the burden of establishing their statute of limitations defense (*see Matter of Feldman v New York State Teachers' Retirement Sys.*, 14 AD3d at 770).

---

**1.** To the extent that our decision in *Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.* (1 AD3d 744, 745-746 [2003]) can be read to imply that courts are limited to the petition when deciding a motion to dismiss on timeliness grounds, we clarify that the limiting language in that decision was meant to apply only to the portion of the motion seeking dismissal based on failure to state a cause of action, not based on the statute of limitations.

In support of their motion, respondents submitted the affidavit of a DOH employee whose duties include preparing notifications for mailing. She averred that the July 13, 2010 letter was sent to petitioner via certified mail, the green card was returned to DOH signed and dated July 16, 2010, and the article number for the letter was checked through the United States Postal Service (hereinafter USPS), which confirmed that the letter was received on July 16, 2010.[2] A copy of the returned green card shows that it was signed with what appears to be only initials and the printed name of the recipient is not listed (although the card has a line for that information). The date of delivery line is blank, but the card is stamped with a postmark from the Morrisania Station post office in Bronx, New York 10456 that appears to show the date as July 16, 2010. The USPS track and confirm report, printed from the USPS website, lists the status as "[d]elivered" and states that "Your item was delivered at 3:48 pm on July 16, 2010 in BRONX, NY 10456."

In response, petitioner submitted the affidavit of its mailroom clerk who is responsible for handling incoming mail. He averred that all incoming mail is processed by the Morrisania post office in Bronx, New York 10456, and the USPS delivers mail to petitioner twice daily, once by 9:15 a.m. and once no later than 2:00 p.m. The mailroom clerk was silent as to whether he signed the green card for the letter.[3] The verified petition alleges that petitioner received the letter on July 19, 2010. Petitioner did not submit a copy of the envelope that would presumably have contained a postmark. Petitioner submitted an attorney affirmation stating that petitioner served the petition by return receipt certified mail. The green card for the petition is addressed to an individual at DOH's address in Albany, New York 12237. The card contains a legible signature and the signer's name is printed as well, with "Nov 30 2010" stamped on the line for date of delivery. The card does not contain a postmark. The USPS track and confirm report for the petition lists the status as "[a]rrival at [u]nit" and states that "Your item arrived at 3:37 am on November 29, 2010 in ALBANY, NY 12288."

While the proof regarding the delivery of the petition is not directly relevant to the delivery of the July 13, 2010 letter, it provides a further basis to question the documents offered to

---

**2.** This employee did not aver that she personally prepared or mailed the letter to petitioner. Her affidavit appears to be based on DOH's regular practice and a review of the documents submitted as attachments, rather than on her own personal knowledge of this particular letter.

**3.** Respondents point out that the initials on the green card appear similar to the mailroom clerk's signature on his affidavit.

support the date of delivery of that letter. Petitioner argues that the record does not contain an explanation of the track and confirm reports. It is unclear what the difference is between an item being delivered and arriving at a unit. The track and confirm report from the petition listed a different zip code than the mailing address, both of which are in Albany, raising the question of whether the track and confirm reports list the time of delivery to the mailing address or to the local post office that may be responsible for delivering the item to the mailing address. The zip code for petitioner and its local post office in the Bronx are the same, so the track and confirm report does not clarify whether receipt at that zip code indicates that the letter was delivered to petitioner's address or to the Morrisania post office at the stated time. The times listed on the track and confirm reports also raise the same question, as it is unlikely that the petition was delivered to a state agency at 3:37 a.m., and petitioner's mailroom clerk averred that its mail is delivered by 2:00 p.m. whereas the report stated that the letter was delivered at 3:48 p.m. If the letter arrived at the local post office on Friday, July 16, 2010, it would not be unreasonable to believe that it may not have been delivered to petitioner until Monday, July 19, 2010.

The record did not conclusively establish when petitioner received the determination letter, as there are factual questions on this issue (compare *Westchester Med. Ctr. v Liberty Mut. Ins. Co.*, 40 AD3d 981, 982-983 [2007]). Thus, Supreme Court should not have decided the motion on the papers submitted, but instead should have ordered an immediate trial on the statute of limitations issue, as such a limited trial would have been "appropriate for the expeditious disposition of the controversy" on this procedural ground (CPLR 3211 [c]; see CPLR 2218; *Matter of Meinhardt v Board of Regents of Univ. of State of N.Y.*, 151 AD2d 802, 803-804 [1989]; see also *R. Bernstein Co. v Popolizio*, 97 AD2d 735, 735 [1983]). We therefore remit for Supreme Court to decide the motion after a trial on the statute of limitations issue.[4]

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

4. Although petitioner contends that it will engage in discovery concerning the timeliness issue, leave of court is required to obtain disclosure in a special proceeding (see CPLR 408).