■ In the Matter of RICHMOND MEDICAL CENTER, Appellant, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. [957 NYS2d 764]—

---

McCarthy, J.

For the reasons stated in *Matter of Bronx-Lebanon Hosp. Ctr. v Daines* (101 AD3d 1431 [2012] [decided herewith]), Supreme Court did not err in looking beyond the petition itself and considering respondents' submissions. Similar to that case, the issue comes down to when petitioner received DOH's determination letter, as that is the date from which the four-month statute of limitations began to run (*see New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165 [1991]). Respondents bear the burden of establishing their statute of limitations defense (*see Matter of Feldman v New York State Teachers' Retirement Sys.*, 14 AD3d 769, 770 [2005]). Because they did not meet that burden as a matter of law, and questions of fact exist, Supreme Court should have held a trial on that narrow issue.

In support of their motion, respondents submitted the affidavit of a DOH employee whose duties include preparing notifications for mailing. She averred that the June 24, 2010 letter was sent to petitioner via certified mail, the green card was returned to DOH signed but not dated, and the article number for the letter was checked through the United States Postal Service (hereinafter USPS), which indicated that the letter was received

on June 30, 2010.[2] A copy of the returned green card shows that it was signed, but the printed name of the recipient and the date of delivery are not listed (although the card has lines for that information). The USPS track and confirm report, printed from the USPS website, lists the status as "[d]elivered" and states that "Your item was delivered at 1:57 pm on June 30, 2010 in STATEN ISLAND, NY 10310."

In response, petitioner submitted the affidavit of its messenger, who averred that the USPS does not deliver mail to petitioner. Rather, the messenger picks up the mail at the local post office twice each day. On his first mail run, he gets only bulk mail before the clerk's window is open. During his second daily mail run, at approximately 11:30 a.m. to 11:45 a.m., he additionally picks up any mail requiring a signature. He was instructed by a USPS clerk not to date any forms that are provided for his signature. He does not see any USPS clerk scan any items such as delivery confirmation forms, but he understands from his interactions with the clerk that some form of scanning occurs prior to him signing for any items. The messenger was silent as to whether he signed the green card for the determination letter. The messenger never makes afternoon pick ups or drop offs at the post office. He ends his work day at 2:00 p.m. The verified petition alleges that petitioner received the letter on July 6, 2010.

Respondents did not meet their burden of establishing when petitioner received the determination letter, as there are factual questions on this issue (compare *Westchester Med. Ctr. v Liberty Mut. Ins. Co.*, 40 AD3d 981, 982-983 [2007]). The green return card is undated, providing proof that someone received the letter but not when it was received. The USPS track and confirm report states that the letter was delivered to Staten Island at 1:57 p.m., but mail does not actually get delivered to petitioner's address. It is unclear whether the time and date on the report merely reflect when the letter was delivered to the post office— which has the same zip code in Staten Island as petitioner's mailing address—as opposed to picked up by petitioner's messenger. The timing of delivery is further called into question based on the messenger's affidavit indicating that he would not have picked up any mail at the time listed on the report. Thus, Supreme Court should not have decided the motion on the papers submitted, but instead should have ordered an immediate trial on the statute of limitations issue, as such a limited

2. This employee did not aver that she personally prepared or mailed the letter to petitioner, but instead appears to base her affidavit on DOH's regular practice and a review of documents.

trial would have been "appropriate for the expeditious disposition of the controversy" on this procedural ground (CPLR 3211 [c]; *see* CPLR 2218; *Matter of Meinhardt v Board of Regents of Univ. of State of N.Y.*, 151 AD2d 802, 803-804 [1989]; *see also R. Bernstein Co. v Popolizio*, 97 AD2d 735, 735 [1983]). We therefore remit for Supreme Court to decide the motion after a trial on the statute of limitations issue.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.