Matter of Hierro v Martuscello (2026 NY Slip Op 00724)

Matter of Hierro v Martuscello

2026 NY Slip Op 00724

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

927 CA 24-01875

[*1]IN THE MATTER OF JEFFREY HIERRO, PETITIONER-APPELLANT,
vDANIEL F. MARTUSCELLO, III, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (NORMAN P. EFFMAN OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Melissa Lightcap Cianfrini, A.J.), entered October 31, 2024, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and respondent is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.
Memorandum: Petitioner appeals from a judgment that granted respondent's pre-answer motion to dismiss as untimely petitioner's CPLR article 78 petition seeking to annul a determination, following a tier II disciplinary hearing, that he violated an incarcerated individual rule. We reverse.
A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes "final and binding upon the petitioner" (CPLR 217 [1]). Here, the determination in question "became final and binding upon petitioner once he received notice of it" (Matter of Wiegand v Crandall, 118 AD3d 1355, 1356 [4th Dept 2014]), and it was respondent's burden to "establish[ ] such date" (Matter of Feldman v New York State Teachers' Retirement Sys., 14 AD3d 769, 770 [3d Dept 2005]). As petitioner contends, and respondent correctly concedes, respondent failed to establish when petitioner actually received the results of his administrative appeal and, thus, respondent failed to meet his burden of establishing that the statute of limitations began to run more than four months prior to the commencement of the proceeding (see Matter of Mintz v City of Rochester, 200 AD3d 1650, 1652 [4th Dept 2021]; cf. Feldman, 14 AD3d at 770).
We further agree with petitioner and respondent that the court erroneously concluded that the matter was rendered moot by petitioner's release to parole; as petitioner and respondent agree, petitioner remains in the custody of the Department of Corrections and Community Supervision.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court