THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM LAHEY, Appellant, *v.* JOHN McGAW WOODBURY, as Commissioner of Street Cleaning of the City of New York, Respondent.

*Certiorari — the determination dismissing an employee of the street cleaning department of New York city does not become final until known to him—from what time the four calendar months begin to run.*

Where, on June 23, 1904, the commissioner of the department of street cleaning in the city of New York made a determination, dismissing from the service an employee of the street cleaning department who was then on sick leave by permission of the department, and such employee received no notice of his dismissal until July 21, 1904, when he reported to the department and was refused permission to go to work, a writ of certiorari to review the dismissal obtained October 29, 1904, and served November 2, 1904, should not be quashed on the ground that it was not granted and served within four calendar months after the determination to be reviewed became final and binding as provided in section 2125 of the Code of Civil Procedure.

Appeal by the relator, William Lahey, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 19th day of December, 1904, quashing a writ of certiorari.

*Edmund F. Driggs*, for the appellant.

*James D. Bell* [*John J. Delany* with him on the brief], for the respondent.

Miller, J.:

This is an appeal by the relator from an order of the Special Term, quashing a writ of certiorari, issued out of the Supreme Court on the 29th day of October, 1904, to review the action of the defendant in dismissing the relator from the department of street cleaning of the city of New York. The order is made on the papers upon which the writ was granted and the affidavit of the defendant. Accepting, therefore, as true the statements contained in the affidavits upon which the writ was granted, it appears that while the relator was absent on sick leave by permission of the department, a determination was made by the defendant dismissing him, of which he had no notice, either prior or subsequent thereto, until his return on the 21st day of July, 1904, when the defendant refused to permit him to work. The motion was made, and it may be assumed the order was granted, upon the ground that the writ was not granted and served within four calendar months after the determination to be reviewed became final and binding upon the relator, as provided in section 2125 of the Code of Civil Procedure. The writ was granted on the 29th day of October, 1904, and served on the defendant on the 2d day of November, 1904, within four months from the 21st day of July, 1904, but more than four months after the 23d day of June, 1904, and the sole question presented by this appeal is whether, within the meaning of the section referred to, the determination sought to be reviewed became final and binding more than four calendar months prior to the 2d day of November, 1904.

Section 537 of the charter of the city of New York (Laws of 1901, chap. 466) contains the provisions applicable to the removal of members of the uniformed force, and, so far as applicable to the

question involved here, provides: "No member of the clerical or uniformed force of the department of street cleaning shall be removed until he has been informed of the cause of the proposed removal and has been allowed an opportunity of making an explanation, and in every case of removal the true grounds thereof shall be entered upon the records of the department. The commissioner of street cleaning shall have power, in his discretion, on evidence satisfactory to him that a member of the uniformed force has been guilty * * * to punish the offending party * * * by dismissal from the force, * * *. When and as soon as a member of the uniformed force has been fined, suspended, or dismissed, the true cause for such fine, suspension or dismissal shall be entered in writing in a book to be kept for that purpose by the commissioner of street cleaning, which book shall be a public record."

The only notice required by the statute to be given to the person removed is a notice of the cause of the proposed removal, and the statute contains no provision as to the requisites of the act of dismissal, except an entry in a book kept for that purpose, of the true cause.

The defendant states in his affidavit that he made a determination dismissing the relator on the 23d day of June, 1904, and that said determination became final and binding on that day. It is undisputed, however, that the relator was not informed of it until the 21st day of July, 1904. I do not think the mental determination of the defendant to dismiss the relator operated as a dismissal until the relator was in fact dismissed, or that the dismissal became final and binding on the relator until he was told he could not work. It, therefore, follows that four calendar months had not elapsed after the determination sought to be reviewed became final and binding on the relator, and that, therefore, the order was improperly granted.

The order appealed from should be reversed, with ten dollars costs and disbursements.

HIRSCHBERG, P. J., WOODWARD, JENKS and RICH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.*

---

* Decision as filed modified by MILLER, J.