In the Matter of RUBIN SOFFER, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Queens County, March 22, 1954.

*Moses Z. Yam* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Donald L. Jacoby* of counsel), for respondent.

CHRIST, J. In a proceeding brought pursuant to article 78 of the Civil Practice Act, to review the order of the Commissioner of Motor Vehicles which suspended the petitioner's operator's license, the respondent claims the proceeding is barred because it was not instituted within four months after the determination sought to be reviewed became final and binding upon the petitioner (Civ. Prac. Act, § 1286). The respondent argues that the order suspending petitioner's license was made on October 19, 1953, and that such determination became " final and binding " upon the petitioner on the date it was made. With this contention the court cannot agree.

The statute under which respondent derives his authority, except in cases of temporary suspension, contemplates notice to the license holder of proceedings to suspend the license (Vehicle and Traffic Law, § 71, subd. 3). It likewise contemplates that notice will be given to the license holder of the suspension because express provision is made for mailing, as well as for the surrender of the suspended license card after an order of suspension has been made (Vehicle and Traffic Law, § 71, subd. 6). That this was the construction placed upon the applicable statutory provisions in this matter seems clear from the manner in which the Referee closed the hearing: " The Referee: All right. I'll reserve decision. If any action is taken against either driver, you will be notified in the mail."

Petitioner claims this proceeding was instituted within the time allowed. His calculation is upon the theory that he had four months from October 19, 1953, to commence this proceeding. However, because the order was served by mail, petitioner claims his time was extended three days, or to February 22, 1954 (Civ. Prac. Act, § 164). Further, that because February 22, 1954, was a legal holiday, petitioner claims that he had until the following day to institute this proceeding (General Construc-

tion Law, § 20). It is admitted that this proceeding was instituted on February 23, 1954.

The court is of the opinion that petitioner's position is correct, and that the proceeding is not barred by the provisions of section 1286 of the Civil Practice Act. (*Matter of R. E. Associates* v. *McGoldrick,* 278 App. Div. 347; *People ex rel. Lahey* v. *Woodbury,* 102 App. Div. 333; 10 Carmody on New York Practice, p. 304, *et seq.*)

The petition herein raises questions both as to the competency of the proof taken on the hearing and as to the sufficiency of the evidence to support the finding of gross negligence. The proceeding must, therefore, be transferred for disposition to the Appellate Division, Second Department, pursuant to section 1296 of the Civil Practice Act.