## (December 13, 1973)

■ In the Matter of the Claim of LELAND FERRY, Respondent, v. CRAIG BONIFACE, as Commissioner of Social Services of Tompkins County, Respondent, and COMMISSIONER OF SOCIAL SERVICES OF THE STATE OF NEW YORK, Appellant.— Appeal, by permission, from an order of the Supreme Court at Special Term, entered March 12, 1973 in Tompkins County, which denied a motion by appellant, State Commissioner of Social Services, to dismiss the petition as to him. The Tompkins County Department of Social Services (hereinafter referred to as "the County"), denied petitioner's application for additional assistance and, following a fair hearing, the Commissioner of Social Services of the State of New York affirmed such denial on October 21, 1971. Within four months thereafter, petitioner commenced the present proceeding against the County, and the County moved to dismiss for failure to join a necessary party. Whereupon, petitioner cross-moved for permission to add the appellant, State Commissioner of Social Services, as a party respondent. By order dated October 4, 1972, appellant was joined as a party respondent and petitioner was permitted to serve an amended petition. The amended petition was served on appellant on October 16, 1972. Special Term has refused to dismiss it upon the ground that appellant and the County are united in interest, and, pursuant to CPLR 203 (subd. [b]), the timely commenced proceeding against the County tolled the running of the limitation period as to appellant. We concur. The State Commissioner of Social Services and each of the local county Social Services Boards are integrally related. Since the decision of the State Commissioner is binding on the local board, a determination of this court in a proceeding to review the State Commissioner's decision affects both similarly. The interests of each in the subject matter of this proceeding are "such that they stand or fall together." (*Prudential Ins. Co.* v. *Stone*, 270 N. Y. 154, 159.) It is, therefore, clear that they are united in interest. Under the circumstances, even though appellant was not named as a respondent in the original petition, it was sufficiently informative of the parties involved and of all the issues. We conclude that there was adequate service and notice, and any technical deficiency in failing to name appellant as a party to the proceeding can be ignored. (*Board of Trustees of Common Dist. No. 2 of Town of Dickinson* v. *Commissioner of Educ. of State of N. Y.*, 40 A D 2d 239, affd. 33 N Y 2d 601.) Order affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.