■ In the Matter of JOHN E. GIBSON, Appellant, v BOARD OF EDUCATION OF WATKINS GLEN CENTRAL SCHOOL DISTRICT et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered September 6, 1977 in Schuyler County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. Petitioner was employed as a school bus driver by the respondent school district in the month of September, 1971 and, since September, 1976, drove a school bus between the hours of 6:30 A.M. and 9:30 A.M., and between the hours of 1:45 P.M. and 4:45 P.M. each school day. Petitioner was also employed at International Salt Co. where he worked between the hours of 10:00 P.M. and 6:00 A.M. five days a week. In the spring of 1976, respondents had been notified by a representative of the Department of Transportation that article 9-A of the Transportation Law and the regulations of the Department of Transportation set forth in 17 NYCRR Part 723 applied to drivers of respondents' school buses. On January 20, 1977, petitioner was suspended with pay pending a hearing before the board of education on the question of whether his dual employment was in violation of article 9-A of the Transportation Law. At the hearing held on February 22, 1977, it was determined that petitioner be suspended without pay effective February 23, 1977 pending verification from the Department of Transportation that article 9-A applied to school buses and, if article 9-A was determined to be applicable, petitioner be permanently suspended effective February 23, 1977. Thereafter, by letter dated February 25, 1977, an attorney for the Department of Transportation advised the supervising principal of the school district that article 9-A of the Transportation Law applied to school districts. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking reinstatement alleging that article 9-A of the Transportation Law does not apply to the operation of school buses by a school district but, rather, article 19-A of the Vehicle and Traffic Law applies to such operation, and he has not been found in violation of article 19-A of the Vehicle and Traffic Law. Special Term concluded that both article 19-A of the Vehicle and Traffic Law and article 9-A of the Transportation Law are applicable to petitioner stating: "The former concerns primarily qualifications of bus drivers without reference to hours of labor. The latter concerns primarily hours of labor of bus drivers." Petitioner contends that article 9-A of the Transportation Law and the regulations promulgated by the Commissioner of Transportation (17 NYCRR Part 723) do not apply to him since, in his capacity as a driver of respondents' school buses, he did not operate a "motor bus" as defined in section 210 of the Transportation Law. Section 210 defines the term " 'motor bus' * * * to mean and include any motor vehicle held and used for the

transportation of passengers for hire." The language of section 210 is clear and unambiguous, and the intent of the Legislature was to limit the regulation of motor vehicles used for the transportation of passengers for hire. The statute being plain and unambiguous, neither the administrative agency charged with its enforcement nor the courts may revise, enlarge or extend it beyond its scope. The words used in the statute should be given the meaning intended by the Legislature (McKinney's Cons Laws of NY, Book 1, Statutes, § 231), and the legislative intent is to be determined by giving words of ordinary import their ordinary and usual meaning (McKinney's Cons Laws of NY, Book 1, Statutes, § 232). The Legislature has demonstrated its awareness of school buses by defining a school bus in section 142 of the Vehicle and Traffic Law, and has considered the qualification, disqualification, illness and fatigue of the drivers thereof in article 19-A of the Vehicle and Traffic Law. It cannot, therefore, be held that the lack of any reference to school buses owned and operated by a public or governmental agency in section 210 of the Transportation Law was an oversight. It should be noted that section 142 (subd 17, par [1], cl [c]) of the Transportation Law provides that: "(1) Notwithstanding any other provision of law, general or special, the commissioner shall have power to adopt rules and regulations governing the safety of operation of * * * (c) all buses or other motor vehicles used for the transportation of school children, owned and/or operated by school districts". However, the commissioner has not acted within his authority as provided by the foregoing statutory provision and regulation (17 NYCRR Part 723) does not, by its terms, provide for school bus operators to meet the requirements of section 211 of the Transportation Law. It should also be noted that the Commissioner of Motor Vehicles has provided by regulation for conditions to be complied with for "ill or fatigued operators" of school buses (15 NYCRR Part 6; cf. Vehicle and Traffic Law, § 509-k). By reason of the failure to promulgate a rule or regulation to cover the requirements of section 211 of the Transportation Law to include school buses, the respondents' reliance on the advice of the representatives of the Transportation Department was misplaced and, therefore, the judgment should be reversed. Judgment reversed, on the law, with costs; petition granted and judgment directed to be entered reinstating petitioner to his position as a school bus driver in the respondent school district together with back pay from February 26, 1977 to the date of his reinstatement less any earnings received by petitioner during this period. Sweeney, J. P., Kane, Staley, Jr. and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Petitioner is the driver of a "motor bus" as defined in section 210 of the Transporation Law. The term "transportation of passengers for hire" as used in section 210 and other sections of the Transportation Law should be given a broad meaning as the Legislature intended (Transportation Law, § 142, subd 17, par [1]; 17 NYCRR 723.1). The respondent school district furnishes bus transportation to its pupils as an incident of furnishing their education, the cost of which is charged to the taxpayers of the school district and of the State through State aid. In my view, the definitions of "motor bus" in section 210 of the Transporation Law and in 17 NYCRR 723.1 (f) include the use of school buses by respondent school district (cf. Transporation Law, § 142, subd 17). Moreover, this law was enacted for the safety of the bus passengers, the other users of the roadways and the bus drivers. It should not be narrowly interpreted so as to frustrate the purposes of the Legislature. The judgment of Special Term should be affirmed.