*358 OPINION OF THE COURT
Frederick B. Bryant, J.
The petitioner has brought this proceeding pursuant to CPLR article 78, requesting a judgment directing respondents to provide petitioner with a monthly incentive allowance of $30 while petitioner was enrolled in a full-time approved training program to which she was referred by the New York State Employment Service.
The material facts are not in dispute. The petitioner is a recipient of a grant of Aid to Families with Dependent Children (hereafter AFDC), on behalf of herself and her three children. (At the time of the fair hearing her third child had not been born.)
The petitioner was enrolled as a full-time student in a secretarial program at Tompkins Cortland Community College (hereafter TC3). The New York State Employment Service referred petitioner to this program. Petitioner commenced her program of studies at TC3 in January, 1978. Petitioner took remedial and secretarial science courses there through June, 1979. Petitioner needed one additional year in the program at TC3 to complete this secretarial science program.
On August 16,1979, petitioner requested Robert Wagner, as Commissioner of Tompkins County Department of Social Services (hereinafter Local Department) to grant to her a $30 monthly incentive allowance authorized and established by section 350-i of the Social Services Law, for persons receiving AFDC enrolled in an occupational training program to which she had been referred by a local employment service officer of the Department of Labor. The amount of the allowance is not. specified in section 350-i of the Social Services Law, but is specified in 18 NYCRR 352.7(e) (3) as “A $30 monthly incentive allowance”.
On August 16, 1979 the Local Department denied petitioner’s application for this “$30 monthly allowance” on the grounds that she had not demonstrated to the satisfaction of the Local Department that “she possesses the talent, aptitude and ability necessary to benefit from the proposed training”.
*359 Petitioner requested a fair hearing by the respondent Barbara Blum, as Commissioner of the New York State Department of Social Services (hereafter the Commissioner). A fair hearing was held on September 26, 1979. By a decision dated October 31, 1979, the Commissioner affirmed the Local Department’s determination to deny petitioner’s request for this monthly incentive allowance.
This proceeding under CPLR article 78 was brought on by an order to show cause dated March 3,1980 and granted by Honorable Betty D. Friedlander, a Tompkins County Court Judge, which provided that the petition herein, the said show cause order and the papers upon which it was granted, be served personally or by mail on respondents on or before the third day of March, 1980.
The record shows that the Local Department was served personally at Ithaca, New York on March 3,1980, and that the Commissioner and the Attorney-General of the State of New York were served by mail on March 3, 1980.
The Local Department has appeared by Rochelle Q. Alexander, Esq. and by answer claims that petitioner’s request for the $30 monthly allowance was properly denied because she did not possess “the talent, aptitude and ability necessary to benefit from the program”.
The Commissioner appearing by Robert Abrams, Attorney-General, John R. Marshall, Jr., Esq. of counsel, by his answer adopted the grounds asserted by the Local Department and raised the further objections that:
“1. The petition fails to set forth sufficient facts to constitute a cause of action.
“2. The order to show cause was issued by a County Judge and not a Supreme Court Justice.
“3. The order to show cause and petition were not timely filed with respondent Barbara Blum and the New York State Attorney-General’s office. The order to show cause required service by mail on or before March 3, 1980. The Binghamton, New York office of the Department of Law received the pleadings on March 4, 1980 and the New York State Department of Social Services received the pleading by mail on March 5, 1980.”
*360 Upon the oral argument on April 3, 1980, the Local Department requested permission to amend its answer to plead that this proceeding was not timely commenced and was barred by . the Statute of Limitations. By letter dated May 14, 1980 the Local Department withdrew its request to amend its answer to plead the Statute of Limitations.
commissioner’s procedural objections
The Tompkins County Judge was authorized to sign the show cause order. A Tompkins County Judge is authorized to grant an ex parte order in Supreme Court proceedings pending in Tompkins County during periods in which no Supreme Court Trial Term or regularly designated Special Term is in session in the county. (CPLR 2212, subd [c]; 22 NYCRR 862.2.)
This court takes judicial notice that there was no Trial Term or regularly designated Special Term in session in Tompkins County on March 3, 1980. A court may take judicial notice of its own terms. (Ford v Clendenin, 155 App Div 433; De Lacy v Kelly, 147 App Div 37; Fisch, NY Evidence [2d ed], § 1064.)
STATUTE OF LIMITATIONS
The court concludes that the defense of the Statute of Limitations has no merit. The petition and order to show cause were personally served on the Local Department on March 3,1980 at Ithaca, New York and were served by mail on the Commissioner and the Attorney-General’s office in Binghamton, New York on March 3, 1980. Service by mail was complete on the day the papers were mailed. (CPLR 2103, subd [b], par 2.) The date the papers are received is immaterial. (Matter of MacLean v Procaccino, 53 AD2d 965; Anthony v Schofield, 265 App Div 423; Coman v Coman, 196 Misc 138; 2A Weinstein-Korn-Miller NY Civ Prac, par 2103.05.)
Under the facts in this proceeding, service on March 3, 1980 is timely.
CPLR 217 requires that a proceeding pursuant to CPLR article 78 “must be commenced within four months after *361 the determination to be reviewed becomes final and binding upon the petitioner”.
Petitioner, demonstrated that her attorney received the Commissioner’s decision and letter of transmittal by mail on November 2, 1979. She claims that the determination became binding on receipt on that date and the Statute of Limitations did not start to run until then. Petitioner cites the recent case of Matter of Benjamin v State Dept. of Labor (74 AD2d 690) in which the court said that “the applicable four-month limitations period within which the department’s determination could be challenged in an article 78 proceeding (CPLR 217) began to run upon its receipt.” (Emphasis supplied.) Four months from November 2, 1979 is March 2, 1980. As March 2, 1980 fell on Sunday, the petitioner had until March 3, 1980 within which to serve the petition and order. When the last day to serve falls on a Sunday, a party’s time to serve is extended to the next succeeding business day. (General Construction Law, § 25-a; Matter of Scuderi v Board of Educ., 49 AD2d 942, opp dsmd 38 NY2d 848.) If the statute started to run on petitioner’s claim on the date of receipt, November 2, 1979, service on March 3, 1980 was timely.
The decision after fair hearing (hereafter Decision) was served upon petitioner by mail. The court is not informed of the date the Commissioner mailed the Decision. The Decision is dated October 31, 1979 and consequently could not be served before that date. When a decision is served by mail the Statute of Limitations has been held to run from date of mailing, which is the date of service. Whenever service is made by mail, a party has an additional three days in which to act. (CPLR 2103, subd [b], par 2; Matter of Soffer v Macduff, 205 Misc 972.) If the decision became binding on date of mailing, presumably October 31, 1979, the petitioner had four months and three days in which to commence this proceeding, namely, to March 3, 1980.
Timely personal service on the Local Department tolled the Statute of Limitations against the Commissioner. The Local Department and the Commissioner are “united in interest” in this proceeding so that service on one party *362 tolls the statute against a coparty. (CPLR 203, subd [b] ; Matter of Ferry v Boniface, 43 AD2d 758.) The date of service on the Commissioner is immaterial as the proceeding was timely commenced against the Local Department, a party united in interest with the Commissioner. (Matter of Ferry v Boniface, supra.)
MERITS OF PETITION
The court finds the petition has merit and the petitioner is entitled to judgment directing respondents to pay her the additional training allowance established by section 350-i of the Social Services Law and 18 NYCRR 352.7(e) (3). The section establishes the basis of the allowance and the regulation fixes the amount.
Section 350-i of the Social Services Law reads: “Any individual receiving aid to dependent children and enrolled in an occupational training program approved by the department, and to which he has been referred by a local employment service office of the department of labor or by a local training and employment referral center of a city, town or county approved by the department, for the purpose of becoming self-supporting or of raising his earning capacity and who is not receiving a work incentive training allowance shall be granted by the social services official a training incentive allowance equivalent in amount to the allowance in the federal work incentive program and any such amount received by an individual as an incentive to participation in an approved training program shall be exempt from consideration in determining the need of such individual and any other individual for aid to dependent children, in accordance with the regulations of the department. This section shall not be applicable to an individual who is receiving a training incentive allowance pursuant to. the federal comprehensive employment and training act of nineteen hundred seventy-three.”
The petitioner demonstrates she has satisfied the conditions which entitle her to this incentive allowance. She was receiving AFDC and was enrolled in an occupational training program at TC3 and was referred thereto by the local employment service office of the New York State Department of Labor.
*363 18 NYCRR 352.7(e) (3) implements this section by fixing the amount of the award at $30 a month.
The language of section 350-i is clear and unambiguous. The statute being plain and unambiguous, neither the administrative agency charged with its application nor the courts may revise or limit its scope. (Matter of Gibson v Board of Educ., 68 AD2d 967.)
The respondents denied petitioner’s request on the grounds that the petitioner failed to demonstrate to the satisfaction of the respondents that she possessed the “talent, aptitude or ability necessary to benefit from the train- • 9 9 mg .
There is no such requirement in section 350-i, which is an independent section and provides only a modest incentive allowance after referrals have been made by the local employment service.
The respondents have added to the requirements specified in section 350-i the requirements found in section 350 (subd 1, par [c]) of the Social Services Law.
Section 350 (subd 1, par [c]) of the Social Services Law provides: “Allowances may include such cost of tuition, books, supplies, and other items as may be required to enable a child who is between sixteen and twenty-one years of age, a parent or other relative as specified in section three hundred forty-nine to obtain suitable occupational training from a trade school or other institution licensed or approved by the state education department or from a training program approved in accordance with regulations of the department, provided such person could not otherwise obtain such training and he demonstrates to the satisfaction of the appropriate social services official that he possesses the talent, aptitude and ability necessary to benefit from the training he proposes to undertake and pursue.”
This section mandates an allowance for tuition, books, supplies and other items necessary to obtain occupational training, “provided such person could not otherwise obtain such training and he demonstrates to the satisfaction of the appropriate social services official that he possesses the talent, aptitude and ability necessary to benefit from the *364 training he proposes to undertake and pursue”. The tests enumerated in section 350 (subd 1, par [c]) have no application to the training incentive allowance in section 350-i.
The petitioner has not applied for an allowance for tuition, books and other items enumerated. The respondents were not authorized to impose the requirements for these allowances as a condition for granting the modest $30 allowance established by section 350-i.
In his memorandum of law, the petitioner’s attorney informs the court that she was awarded a Federal basic educational opportunity grant as well as a New York State tuition assistance plan grant to finance the basic expenses for the one additional year to complete the program. In his memorandum of law the Commissioner advises the court that this fact is not in the official record of this proceeding. This emphasizes the fact that petitioner has made no application for benefits under section 350 (subd 1, par [c]) which triggers the requirement that she demonstrate talent and aptitude and that she could not otherwise obtain such training.
The Commissioner’s regulations set forth in 18 NYCKR 352.7 (e) (1) and (3) merely paraphrases sections 350 (subd 1, par [c]) and 350-i and do not warrant the respondents to require petitioner to satisfy the requirements of section 350 (subd 1, par [c]) to obtain the allowance mandated by section 350-i.
The respondents’ determination was affected by an error of law. The respondents’ determination is annulled and judgment is granted in favor of petitioner for the $30 monthly allowance for each month she was a full-time student at TC3.