■ JANICE M. SYRON, Respondent, v ROBERTA C. PAOLELLI, Appellant. [656 NYS2d 419] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Harris, J.), entered September 11, 1996 in Albany County, which, *inter alia,* granted plaintiff's cross motion for a protective order.

Plaintiff commenced this action seeking money damages for personal injuries she allegedly sustained as a result of a March 12, 1992 automobile accident that occurred in the City of Schenectady, Schenectady County. During discovery, defendant sought to obtain, *inter alia,* records of plaintiff's psychiatric and/or psychological treatment. Plaintiff objected to these demands and refused to provide the requested authorizations, maintaining that she was making no claim for treatment of a psychological nature.

Responding to defendant's motion to compel disclosure, plaintiff contends that the information contained in these records is irrelevant to the present action and remains privileged, inasmuch as she has not placed her mental condition in issue. Plaintiff also cross-moved for a protective order barring discovery of the records, on the ground that their disclosure would cause her and other members of her family undue embarrassment and injury. After reviewing the records in camera, Supreme Court denied defendant's motion and granted plaintiff's cross motion. Defendant appeals.

Generally, in a personal injury action, the medical records of a litigant, who affirmatively places his or her physical condition or mental or psychological status in issue, are subject to disclosure (*see, Koump v Smith,* 25 NY2d 287, 294; *Evans v Club Mediteranee,* 184 AD2d 277; *Levine v Morris,* 157 AD2d 567; *Leichter v Cohen,* 124 AD2d 710, 711). However, plaintiff maintains that she is not obliged to disclose her psychological and psychiatric records because she has "not filed a claim alleging an aggravation or development of an emotional trauma or psychological condition", and hence has not waived the

physician-patient privilege with respect to these records. We disagree, for in her complaint and bill of particulars alike she specifically alleges that she suffers permanently from "mental anxiety" and "emotional distress" as a result of the accident (see, St. Clare v Cattani, 128 AD2d 766, 767).

Moreover, our in camera review of these records discloses that they relate, in part, to therapy and treatment plaintiff received in connection with her complaints of chronic pain stemming, inter alia, from the physical injuries she sustained in the accident, as well as for the emotional distress occasioned thereby. They cannot, therefore, be considered irrelevant to the present action. Some portions of the records—those dealing with plaintiff's family relationships, and events that occurred in her childhood and adolescence—are, indeed, unrelated to the vehicular accident and potentially embarrassing to plaintiff and others. These concerns can best be addressed, and defendant's legitimate interests served as well, by allowing discovery of the records with these irrelevant and prejudicial segments redacted (cf., Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 462).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, defendant's motion granted except insofar as it seeks discovery of portions of the requested records that refer to plaintiff's family relationships, other members of her family, and events that occurred in her childhood and adolescence, and plaintiff's cross motion granted to the extent necessary to preserve the confidentiality of those portions of the records.