■ In the Matter of HASAN RAQIYB, Appellant, v THOMAS G. EAGEN, as Director of the Inmate Grievance Program, Respondent. [714 NYS2d 814] —Graffeo, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered September 14, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

After petitioner was transferred from one correctional facility to another, he filed a grievance pursuant to the Inmate Grievance Program (*see,* 7 NYCRR part 701) seeking his return to the original facility based upon allegations that, as a result of the transfer, he was denied adequate treatment for what he described as "his serious medical condition." The grievance was denied at the initial stages and, on petitioner's appeal, the Central Office Review Committee (hereinafter CORC) sustained the denial in a decision that included a reference to the specific medical condition with which petitioner had been diagnosed.

Petitioner thereafter filed a second grievance alleging that CORC had improperly disclosed confidential medical information to inmates and employees throughout the prison system. The second grievance was denied on the ground that petitioner had placed his medical condition in controversy by filing the first grievance, and, therefore, had waived his right to confidentiality. Petitioner's application for CPLR article 78 review of the determination denying his second grievance was dismissed, prompting this appeal by petitioner.

As an inmate patient, petitioner had a right of "privacy to the extent consistent with providing adequate medical care to [him] and with the safety and good order of the facility" (9 NYCRR 7651.26 [a] [7]). Respondent's answering papers alleged that petitioner waived this right as a result of the filing of the first grievance, which necessitated an investigation of his complaint about the adequacy of his medical treatment after the transfer. However, petitioner's claim in this case is not addressed to the disclosure of medical information to those involved in the grievance process. Rather, petitioner contends that the CORC decision was disseminated to inmates and employees throughout the prison system and that the specific reference to his diagnosis therein resulted in the disclosure of confidential medical information. Notably, respondent does not address the extent to which the decision was disseminated in the prison system.

The rules governing the Inmate Grievance Program generally prohibit the distribution of grievance documents "to persons other than the grievant, a direct party, or an individual involved in the review process" (7 NYCRR 701.10 [b] [6]) and include a code of ethics which precludes the disclosure of confidential information except where necessary in fulfilling the duties imposed by the grievance process (see, 7 NYCRR 701.15 [a] [5]). The regulations further provide that "CORC is to render decisions which are in the best interests of the department as well as of the grievants" (7 NYCRR 701.6 [a]). Respondent has failed to rebut petitioner's claim that the grievance determination at issue was distributed to those outside the grievance process and there is nothing in the record to suggest that such disclosure of petitioner's medical condition was necessary to the grievance procedure or was in the best interests of either the Department of Correctional Services or petitioner. Hence, we find that the revelation of petitioner's specific medical condition was not necessary to the resolution of this grievance and was inconsistent with the applicable regulations.

Based upon the foregoing analysis, we conclude that the

waiver of confidentiality upon which respondent relied did not provide a rational basis for the denial of petitioner's grievance seeking the removal of the reference to his specific medical condition from the prior CORC decision. The determination, therefore, was arbitrary and capricious and should have been annulled by Supreme Court. Petitioner's remaining contentions are either unpreserved for review by this Court or without merit.

Cardona, P. J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.