■ In the Matter of HUGH KNIGHT, Appellant, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [747 NYS2d 401] —Mugglin, J.

On March 14, 2000, petitioner, an inmate at Sullivan Correctional Facility in Sullivan County, made a request to the medical unit that he be provided with special sneakers. Petitioner was informed that the facility would not provide the sneakers, but that he was free to purchase them himself. He filed a grievance, asserting that such sneakers were medically necessary because he suffered from "paralytic-paralysis." The grievance was denied and the denial was upheld upon administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the administrative determination and his petition was dismissed by Supreme Court, resulting in this appeal.

Upon our review of the record, we find that petitioner has failed to demonstrate that the administrative determination at issue was affected by an error of law or was arbitrary and capricious (*see Matter of Cliff v Eagen*, 272 AD2d 687, 688; *Matter of Wilson v State of N.Y. Dept. of Correctional Servs.*, 261 AD2d 670, 670, *lv dismissed* 93 NY2d 1039). Following his request for special sneakers, petitioner was examined by an orthopedic specialist who recommended that he be provided new orthopedic boots. The medical director at the facility averred that such boots were furnished on September 17, 2000. The medical director further opined, based upon his review of petitioner's medical records, that "[s]neakers are not medically indicated for petitioner since the boots that he is currently receiving provide support which is necessary to meet his orthopedic needs." In view of this, as well as the language of the directive governing the issuance of prescription footwear, we find no reason to disturb the administrative determination. We have considered petitioner's remaining contentions and find them to be unpersuasive.

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.