■ CHESTER DAVIDSON, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 106233.) [771 NYS2d 197]—

Carpinello, J. Cross appeals (1) from an order of the Court of Claims (Hard, J.), entered January 13, 2003, which, inter alia,

denied defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Defendant appeals, and claimant cross-appeals, from an order of the Court of Claims awarding claimant, a state prison inmate, $500 in damages for the unauthorized release of his medical records. Claimant had commenced a medical malpractice claim against defendant alleging that he had been given incorrect medication by prison staff. During discovery, he learned that his medical records had been released to the Attorney General, who was representing defendant, without claimant's written authorization or a court order. Claimant thereafter commenced the instant claim, contending, among other things, that the Department of Correctional Services (hereinafter DOCS) had violated the physician-patient privilege by releasing his medical records without authorization. The Court of Claims agreed, finding that DOCS violated its own regulations when it released claimant's records. The court entered summary judgment in favor of claimant and awarded him $500 in damages, prompting these cross appeals.

DOCS regulations governing inmate medical records provide that such records shall only be released to certain categories of persons or entities (*see* 7 NYCRR 5.24 [b]), including "a judicial or administrative body or officer before which the physical or mental health of an inmate is in issue, only if a court has issued a subpoena or other court order signed by a judge specifically demanding the production of medical records" (7 NYCRR 5.24 [b] [5]). Defendant initially contended that it was eligible to obtain claimant's medical records pursuant to this provision and, thus, he was not damaged by their release. We are compelled to disagree. While there is little doubt that claimant, by commencing a medical malpractice claim, placed in issue those portions of his medical records that are material and relevant to the alleged malpractice (*see Dillenbeck v Hess*, 73 NY2d 278, 287-288 [1989]; *Koump v Smith*, 25 NY2d 287, 294 [1969]; *Syron v Paolelli*, 238 AD2d 710, 710 [1997]; *Robinson v Meca*, 214 AD2d 246, 248 [1995]), the release of records at issue here included medical records that were unrelated to the malpractice claim. Further, because neither defendant nor the Attorney General obtained a subpoena or court order directing the release of claimant's records, we agree with the Court of Claims that claimant was denied the protections that judicial supervision of discovery would have afforded him.

On appeal, defendant now contends that its release of the records to its counsel was authorized pursuant to a different category, namely, to "other persons, pursuant to the provisions of

Public Health Law [§ ] 18" (7 NYCRR 5.24 [b] [11]). In our view, defendant's reliance on Public Health Law § 18 is also misplaced. This statute is designed to ensure that, as a general rule, patients have access to their own medical records. However, the statute contains an exception that limits patient access to a health care provider's "personal notes and observations" if the provider has not disclosed such material to any other persons (Public Health Law § 18 [1] [e] [ii]). This provision, in turn, has an exception to the exception that permits disclosure to "an attorney consulted by . . . a health care provider," thus assuring that a health care provider can consult with counsel without losing the statute's protections from disclosure for personal notes and observations (Public Health Law § 18 [1] [e]). Simply stated, this exception to the exception does not constitute a blanket authorization for the release of patient medical records to a health care provider's attorney. Accordingly, we conclude that the release of claimant's medical records was a violation of applicable DOCS regulations. We find the damages award reasonable under the circumstances of this claim and, having examined claimant's arguments on his cross appeal and finding them to be without merit, affirm.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order and judgment are affirmed, without costs.