■ LOUIS TATTA, Appellant, v STATE OF NEW YORK, Respondent. [857 NYS2d 815]—

Spain, J. Appeal from a judgment of the Court of Claims (Lack, J.), entered August 9, 2007, upon a decision of the court in favor of defendant.

In November 2004 claimant, a prison inmate, filed a grievance protesting the fact that he was not given a dose of certain prescribed medication. Although the grievance ultimately was resolved in claimant's favor and appropriate administrative measures were undertaken to ensure that claimant received his medication in the future, the ensuing investigation spawned a report that indirectly made reference to claimant's underlying medical condition. Claimant thereafter commenced this action against defendant contending that the nurse administrator at the facility at which he was incarcerated disclosed his confidential medical information without his consent and, further, did so in retaliation for similar grievances filed by him in the past. The Court of Claims dismissed the claim, finding that claimant placed his health status in issue when he filed the initial grievance. This appeal by claimant ensued.

We affirm. Preliminarily, claimant asserts that the purported dissemination of his medical condition caused him to be ostracized by other inmates, thereby giving rise to a claim for either intentional or negligent infliction of emotional distress. We need note only that—even if he could assert such a claim against defendant—his proof at trial fell far short of the mark (*see Tatta v State of New York*, 20 AD3d 825, 826-827 [2005], *lv denied* 5 NY3d 716 [2005] [negligent infliction of emotional distress]; *Augat v State of New York*, 244 AD2d 835, 837 [1997], *lv denied* 91 NY2d 814 [1998] [public policy precludes intentional infliction of emotional distress claim against defendant for official misconduct]). Further, we agree with the Court of Claims that, under the particular facts of this case, claimant placed his medical condition in issue when he filed the initial grievance and, in so doing, waived his right to confidentiality within the limited context of the grievance process.

As a prison inmate, claimant has a right of "privacy to the extent consistent with providing adequate medical care to [him] and with the safety and good order of the facility" (9 NYCRR 7651.26 [a] [7]), which includes the "privacy and confidentiality of all records pertaining to [his] treatment, except as otherwise provided by law" (9 NYCRR 7651.26 [a] [8]; *see Hodge v State of New York*, 290 AD2d 734 [2002]). To that end, the rules and regulations applicable to the Inmate Grievance Program gener-

ally prohibit the distribution of grievance documents "to persons other than the grievant, a direct party, or an individual involved in the review process" without the required approvals (7 NYCRR 701.6 [k] [1]); the rules include a code of ethics prohibiting the disclosure of confidential information except where necessary to carry out the duties imposed by the grievance process (*see* 7 NYCRR 701.6 [f]; 701.11 [e]; *see also Matter of Raqiyb v Eagen*, 277 AD2d 528, 529 [2000]). Unlike the petitioner in *Matter of Raqiyb v Eagen* (*supra*), however, claimant here failed to allege, must less establish, that his medical condition was disclosed to individuals outside the grievance review process. At best, the record reflects that claimant's medical status was revealed to the two inmate representatives who sat on the Inmate Grievance Resolution Committee at the time claimant's grievance was considered. As noted previously, those representatives are bound by the code of ethics set forth in 7 NYCRR 701.11 (e). Thus, claimant failed to establish that his confidential medical information was distributed to those outside the grievance process (*cf. Matter of Raqiyb v Eagen*, 277 AD2d at 529). Claimant's remaining contentions, including his assertion that any such disclosure was retaliatory in nature, have been examined and found to be lacking in merit or record support.

Cardona, P.J., Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.