■ In the Matter of ROBERT DAVIS, Appellant, v JOHN W. BURGE, as Superintendent of Elmira Correctional Facility, Respondent. [866 NYS2d 428]—Spain, J. Appeal from a judgment of the Supreme Court (Tait, J.), entered October 3, 2006 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance and a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging (1) a determination of the Central Office Review Committee which denied his grievance alleging that he had been verbally harassed by a correction officer and (2) a tier II disciplinary determination of respondent which found him guilty of being out of place after he was observed in the G block area instead of the hospital area where he was assigned to work. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The record reveals that a complete investigation was conducted of the allegations set forth in petitioner's grievance, including interviewing witnesses, and it was determined that petitioner's claims were unsubstantiated. Under these circumstances, we cannot conclude that the denial of his grievance was arbitrary and capricious, irrational, or otherwise affected by an error of law (*see Matter of Dallio v Goord*, 15 AD3d 803, 804 [2005], *lv denied* 5 NY3d 709 [2005]; *Matter of Harty v Goord*, 3 AD3d 701, 702 [2004]). As for petitioner's assertion that the misbehavior report was issued in retaliation for his filing of the grievance, that claim is unpreserved for our review by virtue of petitioner's failure to raise it at his disciplinary hearing or on administrative appeal (*see Matter of James v Goord*, 38 AD3d 1074, 1074 [2007]). Courts reviewing administrative determinations have no authority to review claims raised for the first time in a special proceeding (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl*, 45 AD3d 947, 951 [2007]).

Petitioner's remaining contentions have been considered and found to be unavailing.

Mercure, J.P., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.