■ In the Matter of WILLIAM JONES, Appellant, v KAREN BELLAMY, as Director of the Inmate Grievance Resolution Committee, et al., Respondents. [915 NYS2d 383]—

Appeal from a judgment of the Supreme Court (Platkin, J.), entered March 22, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding him guilty of violating certain prison disciplinary rules and a determination of the Central Office Review Committee denying his grievance.

Petitioner, a prison inmate, was charged in a misbehavior report with numerous prison disciplinary violations after he engaged in a physical altercation with another inmate, ignored a correction officer's directives to stop such behavior and dropped an altered razor blade when the confrontation ended. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of engaging in violent conduct, creating a disturbance, assaulting an inmate, fighting, possessing a weapon, possessing an altered item and refusing a direct order. The determination was subsequently affirmed on administrative appeal. Thereafter, in an unrelated matter, petitioner filed a griev-

ance claiming that he was entitled to three weeks of back pay for time that he worked in the mess hall at Elmira Correctional Facility in Chemung County. Following an investigation, petitioner's grievance was denied on the basis that he did not work in the mess hall during the time period in question because he had been fired. Petitioner commenced this CPLR article 78 proceeding challenging both the prison disciplinary determination and the denial of his grievance. Following service of respondents' answer, Supreme Court upheld both determinations and dismissed the petition. This appeal ensued.

Turning first to the prison disciplinary determination, petitioner argues that he was improperly denied the right to call certain witnesses at the hearing. We find his claim to be without merit. The record discloses that, based upon the limited descriptive information provided by petitioner, the Hearing Officer adjourned the hearing several times, making a number of attempts to identify and locate the two inmate witnesses who were allegedly present at the scene but was unsuccessful. Under the circumstances, reasonable efforts were made to locate these witnesses (*see Matter of Tafari v Selsky*, 76 AD3d 1144 [2010]; *Matter of Davila v Selsky*, 48 AD3d 846, 847 [2008]). Although petitioner protested at the close of the hearing that he had not been allowed to call the housing officer as a witness to enable him to locate those inmate witnesses, he had not made a formal request on the record to call this individual to testify. In view of this, and given that the Hearing Officer spoke with correction officials at the former facility with knowledge of inmate housing locations, there has been no demonstration that petitioner was prejudiced or denied due process by the lack of this individual's testimony (*see generally Matter of Ford v Smith*, 23 AD3d 874, 875 [2005], *lv denied* 6 NY3d 708 [2006]; *Matter of Brown v Goord*, 286 AD2d 843, 844 [2001]).

Regarding the denial of petitioner's grievance, there is evidence, including payroll records, which establishes that petitioner had been fired and did not work in the mess hall during the time that he seeks the payment of backpay. In view of this, we cannot conclude that the denial of his grievance was arbitrary, capricious or irrational (*see Matter of Bermudez v Fischer*, 71 AD3d 1361, 1362 [2010], *lv denied* 15 NY3d 702 [2010]; *Matter of Davis v Burge*, 55 AD3d 1162 [2008]).

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.