■ RASHAD SCOTT, Appellant, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [936 NYS2d 353]—

Lahtinen, J.

Plaintiff, a prison inmate, was incarcerated at Shawangunk

Correctional Facility in Ulster County where he filed a grievance in September 2009 claiming that was denied treatment for an unspecified medical condition. In response, correspondence from the facility doctor to the facility superintendent was forwarded to the Inmate Grievance Resolution Committee to assist with the resolution of that grievance. Thereafter, plaintiff filed a second grievance in October 2009 alleging that the parties involved in forwarding the correspondence to the committee had violated his privacy rights in releasing his medical information without his consent. Ultimately, that grievance was denied by the Central Office Review Committee. Thereafter, plaintiff commenced this action seeking declaratory and injunctive relief as well as compensatory and punitive damages. Defendants moved to dismiss and Supreme Court dismissed the action without a hearing. Plaintiff now appeals.

We affirm. Prison inmates have the right to have the privacy of their medical information maintained to the extent consistent with the provision of adequate medical care and the safety and good order of the facility (see 9 NYCRR 7651.26 [a] [7]; *Tatta v State of New York*, 51 AD3d 1295, 1296 [2008], *lv denied* 11 NY3d 703 [2008]). However, when an inmate places his medical condition at issue through the use of the grievance process, he or she waives the right to confidentiality within that limited context (see *Tatta v State of New York*, 51 AD3d at 1296). Here, the gravamen of plaintiff's initial grievance was that the facility doctor had failed to inquire into the essential facts underlying his medical condition in order to make a professional judgment and that such nonfeasance had denied plaintiff his right to medical care. In response, the grievance committee was supplied with a letter from the doctor to the superintendent outlining the tests and procedures that were performed on plaintiff and the resulting diagnoses. Under these circumstances, we agree with Supreme Court that plaintiff waived his right to confidentiality within the context of the grievance process (see *id.*). Plaintiff's unsubstantiated claim that his medical information was provided to parties outside the grievance process was not included in his complaint and is, therefore, not properly before this Court (see *McCormick v Favreau*, 82 AD3d 1537, 1540-1541 [2011], *lv denied* 17 NY3d 712 [2011]; *Conolly v Thuillez*, 58 AD3d 973, 975 [2009]). In view of the foregoing, plaintiff's remaining claims have been rendered academic.

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.