■ In the Matter of MITCHELL KALWASINSKI, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [51 NYS3d 268]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner allegedly struck a correction officer as the officer was walking by his cell and, shortly thereafter, allegedly struck a second correction officer as he was applying handcuffs to petitioner. As a result, petitioner was charged in two separate misbehavior reports with identical disciplinary rule violations, namely, assaulting staff, engaging in violent conduct and creating a disturbance. Following a combined tier III disciplinary hearing, he was found guilty of the charges. On administrative appeal, the charges of creating a disturbance were dismissed and the penalty was modified, but the determination was otherwise upheld. This CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that he was improperly denied his right to call witnesses at the hearing. Specifically, he asserts that the Hearing Officer failed to make any inquiry into the reason that an inmate, who had initially agreed to testify, later changed his mind. The record discloses that this inmate told petitioner's assistant that he would testify at the hearing, but subsequently refused. Although the inmate did not execute a witness refusal form, he signed a written statement indicating that he did not want to testify out of fear of retaliation. At the hearing, petitioner expressed his desire to

have this inmate testify because he was housed in a location where he may have witnessed the incidents in question, and he requested that the Hearing Officer ascertain whether the inmate's refusal was legitimate. The Hearing Officer did not conduct any further inquiry, and ultimately denied the inmate as a witness.

The Court of Appeals recently held in *Matter of Cortorreal v Annucci* (28 NY3d 54, 60 [2016]) that where "a refusing inmate witness claims that he or she was coerced into refusing to testify at the hearing . . . , the hearing officer has an obligation to undertake a meaningful inquiry into the allegation." Here, as in *Matter of Cortorreal v Annucci* (*supra*), the Hearing Officer did not make any inquiry of the inmate regarding his fear of retaliation, which was clearly a form of coercion. Rather, the Hearing Officer proceeded to deny petitioner's request for this witness as redundant.* In the circumstances presented, the subsequent denial does not excuse the Hearing Officer's failure to make a further inquiry into the inmate's refusal. Accordingly, the determination must be annulled and all references to it expunged from petitioner's institutional record (*see id.* at 61-62; *Matter of Doleman v Prack*, 145 AD3d 1289, 1290-1291 [2016]). In view of our disposition, we need not address petitioner's remaining claims.

Garry, J.P., Lynch, Devine, Clark and Mulvey, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.

---

* As petitioner's defense was based largely upon eyewitness testimony and, according to petitioner, this inmate may have had a better view of the events at issue due to his height, his testimony would not necessarily have been redundant.