■ ANTHONY YY., Appellant, v STATE OF NEW YORK, Respondent. [56 NYS3d 593]—

Aarons, J. Appeal from an order of the Court of Claims (Weinstein, J.), entered July 8, 2013, which, among other things, granted defendant's cross motion for summary judgment dismissing the claim.

Claimant, a state prison inmate, commenced a CPLR article 78 proceeding challenging the alleged unreasonable and inadequate medical care that he was receiving for his back and ankle injury. Upon receiving an answer, claimant learned that his medical records had been released by a nurse administrator at the correctional facility to the Office of the Attorney General (hereinafter OAG). Claimant thereafter commenced the instant claim, contending that the release of his medical records without authorization violated the physician-patient privilege and, in addition, some of the information released was unrelated or irrelevant to the allegations in the petition.

Following joinder of issue, defendant moved to dismiss the claim for failure to state a cause of action and claimant thereafter moved for summary judgment. The Court of Claims (Lopez-Summa, J.), among other things, partially granted defendant's motion to dismiss the claim to the extent that the violation of physician-patient privilege was based on 7 NYCRR 5.24 (b). Nevertheless, the court noted that, because it was not provided with the medical records, it was unable to determine whether a claim for damages existed based upon the release of medical information irrelevant to the underlying action and, therefore, denied claimant's motion for summary judgment.* Claimant again moved for summary judgment, acknowledging

* The Court of Claims granted claimant's subsequent motion to reargue but, upon reargument, adhered to its previous denial of claimant's motion for summary judgment.

that he waived any claim to the physician-patient privilege by bringing the CPLR article 78 proceeding but alleging, among other things, that irrevelant information should have been redacted and, with regard to reference to HIV/AIDS information, such disclosure was in violation of Public Health Law § 2780. Defendant cross-moved for summary judgment dismissing the claim. The Court of Claims (Weinstein, J.), among other things, granted defendant's cross motion and dismissed the claim. Claimant appeals.

We are unpersuaded by claimant's assertion that the release to the OAG of medical records containing information alleged to be not directly relevant to the medical condition at issue in the underlying CPLR article 78 proceeding establishes a cause of action for damages. It is well settled that prison inmates have a right to privacy and confidentiality of his or her medical records (see 9 NYCRR 7651.26 [a] [7]; Scott v Smith, 90 AD3d 1431, 1432 [2011], lv denied 19 NY3d 803 [2012]). "[T]he right of confidentiality is less than absolute" and, in order for the disclosure of confidential medical records "to be considered wrongful, and thus actionable, the disclosure must be without legal justification or excuse" (Rea v Pardo, 132 AD2d 442, 445 [1987]). Where, as here, a prison inmate commences an action or proceeding that places his or her medical condition at issue, that right to confidentiality is waived within that limited context (see Scott v Smith, 90 AD3d at 1432; Tatta v State of New York, 51 AD3d 1295, 1296 [2008], lv denied 11 NY3d 703 [2008]). In the scope of that limited context, 7 NYCRR 5.24 (b) specifically provides for the release of inmate medical records to the OAG "[f]or the purpose of providing legal services on behalf of [defendant]." There is no statutory or regulatory requirement that imposes a duty on the Department of Corrections and Community Supervision (hereinafter DOCCS) to redact information in the medical records prior to such limited disclosure of those records, and we find no basis to impose such a restriction where one does not exist. Furthermore, as noted by the Court of Claims, it would be impractical for DOCCS's medical personnel to solely determine what is relevant in the underlying action or proceeding and redact information prior to the release of an inmate's medical records.

Claimant also asserts that the disclosure of medical records indicating that claimant underwent HIV testing violated Public Health Law § 2780. Public Health Law § 2782 generally prohibits the disclosure of HIV-related information except, as is relevant here, to an agent of DOCCS in accordance with rules and regulations promulgated by the Commissioner of

Corrections and Community Supervision in regard to the authorization "to access records containing such information in order to carry out [DOCCS's] functions, powers and duties with respect to the protected individual" (Public Health Law § 2782 [1] [l]; *see* Public Health Law § 2786). To that end, 7 NYCRR 7.5 (b) (7) permits the disclosure of an inmate's confidential HIV-related information to OAG attorneys "when access is reasonably necessary in the course of providing legal services and when reasonably necessary for supervision, monitoring, administration or provision of services." Here, the HIV-related information was included on a patient referral form seeking consultation for claimant's conditions that were affirmatively placed in issue in the underlying CPLR article 78 proceeding, making the disclosure reasonably necessary in providing legal services.

As claimant's medical records were properly released to the OAG for the specific and limited purpose of defending against the underlying CPLR article 78 proceeding that placed claimant's medical condition at issue, we find no support for claimant's assertion that the release of potentially irrevelant or immaterial information gives rise to a private cause of action for damages. To the extent that claimant asserts that *Davidson v State of New York* (3 AD3d 623 [2004], *lv denied* 2 NY3d 703 [2004], *lv dismissed* 5 NY3d 872 [2005]) supports his contention that a viable claim exists, we disagree and note that such decision was rendered prior to the amendment to DOCCS's regulations. Finally, contrary to claimant's contention, he did not raise any issue in his claim regarding OAG's disclosure or unauthorized use of his medical records and, therefore, that issue is not preserved for our review (*see Scott v Smith*, 90 AD3d at 1432).

Peters, P.J., Garry, Devine and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.