■ In the Matter of Shawn Green, Appellant, v Donald G. Uhler, as Superintendent of Upstate Correctional Facility, Respondent. [54 NYS3d 887]—

Appeal from a judgment of the Supreme Court (Young, J.), entered March 28, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding to

challenge a tier III prison disciplinary determination and other determinations denying various grievances that he had filed. The only respondent that he named in the petition was the Superintendent of Upstate Correctional Facility. Consequently, respondent moved pre-answer to dismiss the petition for failure to name the Commissioner of Corrections and Community Supervision and the Central Office Review Committee (hereinafter CORC) as necessary parties to this proceeding. Supreme Court granted the motion, and this appeal ensued.

We reverse. "CPLR 1001 (a) states that an individual or entity is a necessary party to litigation 'if complete relief is to be accorded between the persons who are parties to the action' or if the entity [or individual] 'might be inequitably affected by a judgment in the action [or proceeding]' " (*Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 19 NY3d 543, 550-551 [2012], quoting CPLR 1001 [a]). Here, respondent maintains that the Commissioner and CORC are necessary parties to this action because complete relief cannot be accorded in their absence. Although respondent correctly notes that the Commissioner is the individual who renders the final determination in tier III disciplinary proceedings (*see* 7 NYCRR 254.8) and CORC is the entity having the final decision on whether to grant or deny an inmate grievance (*see* 7 NYCRR 701.5 [d]), the failure to name either the Commissioner or CORC as a party has never before inequitably affected them or prevented this Court from according complete relief in similar proceedings (*see e.g. Matter of Mears v Venettozzi*, 150 AD3d 1498, 1500 [2017]; *Matter of Kalwasinski v Venettozzi*, 149 AD3d 1372, 1372-1373 [2017]; *Matter of Franza v Venettozzi*, 98 AD3d 782, 782-783 [2012]; *Matter of Green v Bradt*, 91 AD3d 1235, 1235-1237 [2012], *lv denied* 19 NY3d 802 [2012]; *Matter of Davis v Burge*, 55 AD3d 1162, 1162 [2008]; *Matter of Knight v Walsh*, 297 AD2d 880, 880 [2002]; *Matter of Raqiyb v Eagen*, 277 AD2d 528, 530 [2000]). Moreover, in light of the fact that respondent, the Commissioner and CORC are integrally related inasmuch as they each fall under the umbrella of the Department of Corrections and Community Supervision, we find that the Commissioner and CORC are at no risk of prejudice and would not be "inequitably affected by a judgment" if they were not joined in this proceeding (CPLR 1001 [a]; *cf. Matter of Ferry v Boniface*, 43 AD2d 758, 758 [1973]). Under these circumstances, we conclude that the Commissioner and CORC are not necessary parties, and the failure to name them in proceedings such as this can be ignored.

Garry, J.P., Rose, Devine, Mulvey and Pritzker, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of the date of this Court's decision.